NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
30558
13-OCT-2010
12:21 PM**

NO. 30558

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

SAMUEL COOPER, JR., Petitioner-Appellant, v.
STATE OF HAWAIʻI, Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(S.P.P. NO. 09-1-0005; CR. NO. 00-1-0474)

ORDER DISMISSING APPEAL
(By: Fujise, Presiding Judge, Reifurth and Ginoza, JJ.)

Upon review of the record, it appears that we lack
jurisdiction over the appeal that Petitioner-Appellant Samuel
Cooper, Jr. (Appellant), has asserted from the Honorable Karen
S.S. Ahn's June 19, 2009 "Order Denying and Dismissing Petition
to Vacate, Set Aside, or Correct Judgment or to Release
Petitioner from Custody; Notice of Entry" (the June 19, 2009
order) because the appeal is untimely under Rule 40(h) of the
Hawaiʻi Rules of Penal Procedure (HRPP) and Rule 4(b) of the
Hawaiʻi Rules of Appellate Procedure (HRAP).

Pursuant to Hawaiʻi Revised Statutes (HRS) § 641-11
(Supp. 2009) and "HRPP [Rule] 40(h), appeals from proceedings for
post-conviction relief may be made from a judgment entered in the
proceeding and must be taken in accordance with Rule 4(b) of the
Hawaiʻi Rules of Appellate Procedure (HRAP)." Grattafiori v.

State, 79 Hawai'i 10, 13, 897 P.2d 937, 940 (1995) (internal quotation marks and brackets omitted). The supreme court does not apply the separate document rule (see Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 869 P.2d 1334 (1994)) to special proceedings for motions for post-conviction relief pursuant to HRPP Rule 40. The June 19, 2009 order resolved all of the issues in Appellant's January 29, 2009 HRPP Rule 40 petition for post-conviction relief by denying all of the relief for which Appellant prayed, leaving nothing further to be accomplished. Therefore, the June 19, 2009 order is an appealable final order pursuant to HRS § 641-11 and HRPP Rule 40(h).

"[P]ursuant to HRAP Rule 4(b), an appeal from an order denying post-conviction relief must either be filed within thirty days after the entry of the order denying the HRPP Rule 40 petition or, in the alternative, after the announcement but before the entry of the order." Grattafiori v. State, 79 Hawai'i at 13, 897 P.2d at 940. Appellant did not file his June 10, 2010 notice of appeal within thirty days after entry of the June 19, 2009 order, as HRAP Rule 4(b)(1) requires. Therefore, Appellant's June 10, 2010 notice of appeal from the June 19, 2009 order is not timely.

"In criminal cases, [the supreme court] ha[s] made exceptions to the requirement that notices of appeal be timely filed." State v. Irvine, 88 Hawai'i 404, 407, 967 P.2d 236, 239 (1998). Specifically, the supreme court has permitted untimely appeals under two sets of circumstances:

> (1) [when] defense counsel has inexcusably or ineffectively failed to pursue a defendant's appeal from a criminal conviction in the fist instance, or (2) [when] the lower court's decision was unannounced and no notice of the entry of judgment was ever provided.

Grattafiori, 79 Hawai'i at 13-14, 897 P.2d at 940-41 (citations omitted). These two exceptions do not apply to the instant case because (1) this case is not Appellant's appeal from his criminal conviction in the first instance and (2) the record shows that the circuit court provided Appellant with timely notice of the

June 19, 2009 order.  Therefore, Appellant does not qualify for the exceptions to the requirement that notices of appeal be timely filed.

"As a general rule, compliance with the requirement of the timely filing of a notice of appeal is jurisdictional, . . . and we must dismiss an appeal on our motion if we lack jurisdiction."  Grattafiori, 79 Hawai'i at 13, 897 P.2d at 940 (citations, internal quotation marks, and brackets omitted); HRAP Rule 26(b) ("[N]o court or judge or justice is authorized to change the jurisdictional requirements contained in Rule 4 of these rules.").  Accordingly,

IT IS HEREBY ORDERED that Appeal No. 30558 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, October 13, 2010.



Presiding Judge


Associate Judge


Associate Judge